Kudishev v. Holder

BIA
Page, IJ
A078 521 004

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand fourteen.

PRESENT:
>AMALYA L. KEARSE,
>RALPH K. WINTER,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges.*

_____

GENNADY KUDISHEV, AKA GENNADI KUDISHEV, AKA GENNADY GAVRILETS, AKA GENNADIY ANDREYEVICH GAVRILETS,
>*Petitioner,*

>v.                                   13-140

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Alexander G. Rojas, Barst Mukamal-Kleiner, LLP, New York, N.Y.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Mary Jane Candaux, Assistant

**Branch Director; Matthew A. Connelly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Gennady Kudishev, a native of Uzbekistan and citizen of the Russian Federation, seeks review of a December 20, 2012, decision of the BIA, affirming the December 14, 2010, decision of Immigration Judge ("IJ") Alan Page denying his applications for a waiver of inadmissibility under section 212(i) of the Immigration and Nationality Act ("INA"), and for adjustment of status. *In re Gennady Kudishev*, No. A078 521 004 (B.I.A. Dec. 20, 2012), *aff'g* No. A078 521 004 (Immig. Ct. N.Y. City Dec. 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA's decision affirms the IJ's holding but modifies or supplements it, we consider the decision of the IJ as modified or supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.    Inadmissibility

Kudishev first challenges the agency's determination that he is inadmissible based on its finding that he willfully concealed a material fact when applying for lawful permanent resident ("LPR") status. Willful misrepresentation or concealment of a material fact to procure an immigration benefit renders an alien inadmissible. 8 U.S.C. § 1182(a)(6)(C)(i). A fact is material if it "has a natural tendency to influence or was capable of influencing[] the decision of the decisionmaking body to which it was addressed." *Monter v. Gonzales*, 430 F.3d 546, 553 (2d Cir. 2005) (internal quotation marks omitted).

Here, the IJ reasonably found that when Kudishev applied for adjustment of status in 2000, he knew of and thus willfully concealed the fact that he had been charged in 1998 with the murder of his former business partner. Kudishev indicated in his application that he had never been charged with or indicted for violating a law. However, as the IJ reasonably found, Kudishev had a number of opportunities prior to applying for adjustment to discover that a warrant for his arrest had issued on November 11, 1998: when speaking about the murder with his ex-wife, who was present when police searched his apartment and who testified at the trial of his alleged co-conspirators, and speaking with his business associates and adult children in Russia after his arrival in the United States. Based on this circumstantial

3

evidence, the BIA reasonably found that Kudishev in fact knew about the charge and sought to evade capture given that he departed Russia shortly before the search and arrest warrants were issued, married a U.S. citizen and adopted her surname, and touted his innocence in a handwritten letter to a Russian court included with a 2003 petition filed by his purported attorney. Substantial evidence therefore supports the IJ's knowledge and willfulness findings.  *See* 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *see also Yanqin Weng,* 562 F.3d at 513 (providing that factual findings must be supported by substantial evidence).

As to materiality, the IJ did not err in finding that Kudishev's murder charge would have a "natural tendency" to influence the adjudication of his adjustment application. Adjustment of status is ultimately a discretionary form of relief.  *See* 8 U.S.C. § 1255(a).  In deciding how to exercise discretion, the agency may weigh adverse factors, including an applicant's conduct that may or may not have led to a conviction. *See Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010). Accordingly, Kudishev's murder charge was capable of influencing the agency's discretionary determination and was, thus, material. *See Monter*, 430 F.3d at 558.

Once the Government has established a willful concealment of material fact, it is presumed that the benefit sought would not

4

have been granted but for the concealment. *See id.* The burden then shifts to the applicant to demonstrate otherwise. *See id.* Here, because Kudishev did not proffer any evidence challenging the proof of his indictment or evidence that he would, despite the charge, be granted a favorable exercise of discretion, he did not rebut the presumption that he would not have procured LPR status but for concealing the charge. The IJ therefore did not err in finding Kudishev inadmissible and ineligible for adjustment of status. *See id.;* 8 U.S.C. §§ 1182(a)(6)(C)(i), 1255(a).

**II.  Waiver of Inadmissibility**

Although we lack jurisdiction to review the IJ's discretionary denial of Kudishev's waiver application, we may review constitutional claims and questions of law. *See* 8 U.S.C. §§ 1182(i)(2), 1252(a)(2)(B), (D). Kudishev raises constitutional claims by arguing that the IJ denied him due process, but his arguments are frivolous and thus insufficient to invoke our jurisdiction. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) ("[W]e lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction.").

Contrary to Kudishev's argument, the IJ was not required to reject the Government's unauthenticated evidentiary submissions simply because they were photographic copies. Because the

Federal Rules of Evidence do not apply in immigration proceedings, the admission of evidence need only satisfy due process of law. *See Aslam v. Mukasey*, 537 F.3d 110, 114 (2d Cir. 2008). Due process requires that evidence be probative and its use fundamentally fair. *See id.* The Government submitted the search and arrest warrants and sentencing report from the Russian prosecutor's office and INTERPOL with translations and the mailings' respective cover letters, thereby establishing a chain of custody and reliability. Accordingly, for the limited purpose of establishing that Kudishev had been charged with murder and knew of the charge, the IJ reasonably found the Government's documents probative and did not violate due process by admitting them. *See id.*

Kudishev's assertion that the IJ was biased because he considered his murder charge serious is also frivolous as consideration of such adverse factors is necessary in determining how to exercise discretion. *See Argueta*, 617 F.3d at 113; *see also Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (requiring remand on a showing that apparent bias precluded meaningful review). Kudishev therefore fails to raise a colorable constitutional claim or question of law regarding the denial of his waiver application. *See* 8 U.S.C. §§ 1182(i)(2), 1252(a)(2)(B), (D).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk