Lomtadze v. Lynch

BIA
Sagerman, IJ
A057 326 857

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand sixteen.

PRESENT:
>        DENNIS JACOBS,
>        DEBRA ANN LIVINGSTON,
>        GERARD E. LYNCH,
>             *Circuit Judges.*

_____

GIORGI LOMTADZE,
>        *Petitioner,*

v.                                          14-3705
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Alexander J. Segal, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Acting Assistant
                         Attorney General; Ernesto H. Molina,
                         Jr., Assistant Director; Bernard A.
                         Joseph, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Giorgi Lomtadze, a native of the former Soviet Union and a citizen of Georgia, seeks review of a September 18, 2014, decision of the BIA affirming an April 9, 2014, decision of an Immigration Judge ("IJ") denying Lomtadze's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Giorgi Lomtadze,* No. A057 326 857 (B.I.A. Sept. 18, 2014), *aff'g* No. A057 326 857 (Immig. Ct. Fishkill Apr. 9, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006)). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Our review is limited to constitutional claims and questions of law because Lomtadze is removable based on his

conviction of an aggravated felony.   8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015) (holding that "criminal bar" to our jurisdiction extends to CAT deferral).

With respect to the agency's denial of deferral of removal under the CAT, Lomtadze raises no constitutional claim or question of law.   He challenges only the agency's finding that he did not establish a likelihood of being tortured in Georgia; however, the likelihood of a future occurrence is a finding of fact.   *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012). Consequently, we lack jurisdiction to consider this claim.

With respect to withholding of removal, Lomtadze advances two arguments: that the agency failed to consider the sentence imposed, and that the agency credited the Pre-Sentence Report over his testimony.   We lack jurisdiction to consider the latter, as it is a challenge to the agency's factual determinations and weighing of evidence.   8 U.S.C. § 1252(a)(2)(C), (D); *Argueta v. Holder*, 617 F.3d 109, 112-13 (2d Cir. 2010).

Regarding the former, whether the agency has failed to consider the relevant factors is a question of law.   *Cf.*

*Argueta*, 617 F.3d at 113 ("Argueta's contention that the IJ weighed factors that the IJ was *prohibited* from considering is quite distinct from the unreviewable argument that the IJ balanced improperly those factors that the IJ could consider."). However, a review of the record indicates that the agency adequately considered the sentence imposed, particularly in light of agency precedent that "the sentence imposed is not a dominant factor in determining whether a conviction is for a particularly serious crime." *In re N-A-M-*, 24 I. & N. Dec. 336, 343 (B.I.A. 2007).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4