09-4021-ag
Argueta v. Holder

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2009

(Submitted:    June 17, 2010                    Decided:    August 6, 2010)

Docket No. 09-4021-ag

─────────────────────────────

JOSE ARGUETA,

*Petitioner*,

– v. –

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent*.

─────────────────────────────

Before: McLAUGHLIN, CALABRESI, LIVINGSTON, *Circuit Judges*.

Petitioner seeks review of a decision by the Board of Immigration Appeals affirming the judgment of the Immigration Judge to deny his application for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act.  We hold that we have jurisdiction to review the petition's challenge to the authority of the Immigration Judge to consider, in exercising its discretion, prior convictions that occurred outside of the time period used to determine statutory eligibility for cancellation of removal based on "good moral character."  Because we find nothing in the applicable statutory and regulatory provisions that temporally limits the discretionary factors the agency may consider in deciding whether to grant cancellation of removal to an applicant who is statutorily eligible for that relief, we **DENY** the petition for review on the merits.

─────────────────────────────

BRUNO JOSEPH BEMBI, Hempstead, N.Y., *for Petitioner*.

TONY WEST, Assistant Attorney General, RICHARD M. EVANS, Assistant Director, NANCY E. FRIEDMAN, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., *for Respondent*.

*Per Curiam*:

Petitioner Jose Argueta ("Argueta"), a native and citizen of El Salvador, seeks review of a final order of removal entered by the BIA on August 31, 2009 denying his application for special rule cancellation of removal pursuant to the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160, 2193-96, *as amended by* Pub L. No. 105-139, 111 Stat. 2644 (codified in scattered sections of 8 U.S.C.), and affirming a December 12, 2007 decision of Immigration Judge ("IJ") Douglas Schoppert. *In re Jose A. Argueta*, No. A028 580 042 (B.I.A. Aug. 31, 2009), *aff'g* No. A 28 580 042 (Immig. Ct. N.Y. City Dec. 12, 2007). Argueta contends that in denying his application for special cancellation of removal as a matter of discretion, the IJ improperly considered as adverse factors prior arrests and convictions that took place more than seven years prior to the date of his application. We find that Argueta's petition raises a question of law that we have jurisdiction to review, but we deny his petition on the merits because we conclude that there is no temporal bar to the factors that the agency may consider in determining whether a petitioner's application for cancellation of removal should be granted as a matter of discretion.

## BACKGROUND

Argueta arrived in the United States from El Salvador in 1989. While in the United States, between 1989 and 1996, Argueta was arrested four times for driving while under the influence of alcohol, and was convicted of three separate offenses. Argueta faced escalating penalties for these convictions that included fines, incarceration of up to ten months, probation,

2

and the temporary revocation of his driver's license. Argueta testified that he had not been arrested since 1996, and this contention has not been challenged.

On May 17, 2006, the Department of Homeland Security served Argueta with a Notice to Appear, alleging that he entered the United States without having been admitted or paroled. At a January 11, 2007 removal hearing, Argueta conceded his removability, but sought relief in the form of NACARA special rule cancellation of removal. The government stipulated that Argueta was eligible for special rule cancellation, but it argued that the IJ should exercise his discretion to deny the application because of Argueta's multiple prior arrests for driving while impaired.

On December 12, 2007, the IJ issued an oral decision in which it determined that though Argueta met the statutory requirements for eligibility for special rule cancellation of removal, it would deny him that discretionary relief. The IJ found the "adverse discretionary factors in th[e] record [to be] extremely serious." The IJ discussed the fact of Argueta's four arrests, and observed that the penalties imposed were "frankly . . . quite severe." The IJ recognized that Argueta had not been arrested since 1996, but the IJ also noted that he was not currently in an alcohol rehabilitation program, and the IJ stated that "the fact that he has been arrested on repeated occasions does not . . . create enormous confidence that he will be able to avoid further arrests in the future." The IJ concluded that these adverse factors outweighed the favorable factors in the record, which included the fact that Argueta had lived in the United States for many years, had been employed, and had paid income taxes.

Argueta appealed the IJ's decision to the BIA, which, on August 31, 2009, affirmed the IJ and dismissed Argueta's appeal. The BIA found that the IJ "carefully considered the positive equities in [Argueta's] favor," but properly concluded that these positive factors "did not outweigh the negative factors in the record, particularly his three convictions for driving under

3

the influence and the serious danger that such activity poses to the community." The BIA also specifically considered and rejected Argueta's argument that the IJ had erred by considering convictions that fell outside of the seven years used for the "good moral character" statutory requirement for cancellation of removal. It explained that "[f]or the purposes of discretion, the factual inquiry is not restricted to the seven years preceding the application." Argueta filed a timely petition for review to this Court.

**DISCUSSION**

Enacted in 1997, NACARA amended certain provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), among other things, to allow "qualified aliens from certain countries placed in [deportation] proceedings before, on, or after April 1, 1997, to apply for 'special rule' protection from deportation" based on "the more generous pre-IIRIRA suspension of deportation remedy." *Tanov v. INS*, 443 F.3d 195, 199 (2d Cir. 2006) (alteration in original) (quoting *Simeonov v. Ashcroft*, 371 F.3d 532, 536 (9th Cir. 2004)). Specifically, NACARA amended IIRIRA § 309 by adding a subsection (f) entitled "Special Rule for Cancellation of Removal." NACARA § 203, 111 Stat. 2160, 2198 (codified at 8 U.S.C. § 1101 note). That subsection provides that the "Attorney General may, under section [8 U.S.C. § 1229b] of [the Immigration and Nationality] Act, cancel removal of . . . an alien who is inadmissible or deportable from the United States" if the alien meets certain statutory requirements. *Id*. These requirements are set forth in the margin.[1] The applicant for special

---

[1] The general rule, which is applicable to Argueta, has the following eligibility requirements:

> (1) The alien is not inadmissible under section 212(a)(2) or (3) or deportable under section 237(a)(2), (3) or (4) of the Act (relating to criminal activity, document fraud, failure to register, and security threats);

cancellation of removal bears the burden of "establish[ing] by a preponderance of the evidence that he or she is eligible for . . . special rule cancellation of removal *and that discretion should be exercised to grant relief.*"  8 C.F.R. § 1240.64(a) (emphasis added).

The special rule cancellation of removal under NACARA is "[s]ubject to the provisions of the Immigration and Nationality Act" as modified by IIRIRA, including section 242(a)(2)(B) of the Act, codified at 8 U.S.C. § 1252(a)(2)(B), which places limitations on judicial review.  NACARA, § 203(f)(1).  Under 8 U.S.C § 1252(a)(2)(B), "no court . . . [has] jurisdiction to review . . . any judgment regarding the granting of relief under . . . [8 U.S.C. § 1229b]," which includes cancellation of removal.  This provision divests us of authority to review the IJ's *discretionary* determinations concerning cancellation of removal.  *See Mendez v. Holder*, 566 F.3d 316, 319-20 (2d Cir. 2009); *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006).  Pursuant to the amendments of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, however, we retain jurisdiction to review all "constitutional claims or questions of law raised upon a petition for review."  8 U.S.C. § 1252(a)(2)(D); *see also Sumbundu v. Holder*, 602 F.3d 47, 52 (2d Cir. 2010).  "Questions of law" encompass "the same types of issues that courts traditionally exercised in habeas review over Executive detentions."  *Xiao Ji Chen v. U.S. Dep't*

(2) The alien has been physically present in the United States for a continuous period of 7 years immediately preceding the date the application was filed;

(3) The alien has been a person of good moral character during the required period of continuous physical presence; and

(4) The alien's removal from the United States would result in extreme hardship to the alien, or to the alien's spouse, parent or child who is a United States citizen or an alien lawfully admitted for permanent residence.

8 C.F.R. § 240.66(b); *see also* NACARA § 203(f)(1)(A).
With respect to the final "extreme hardship" condition, applicants are entitled to a rebuttable presumption of extreme hardship, with the burden of proof on the government to rebut the presumption. *See* 8 C.F.R. § 1240.64(d).

5

*of Justice*, 471 F.3d 315, 324, 326-27 (2d Cir. 2006). We have not defined the "precise outer limits" of this category, but we have indicated that a question of law arises, *inter alia*, "where a discretionary decision is argued to be an abuse of discretion because it was based on a legally erroneous standard." *Khan v. Gonzales*, 495 F.3d 31, 34 (2d Cir. 2007) (internal quotation marks and alterations omitted). To determine whether we have jurisdiction to consider a petition for review, we must "study the arguments asserted." *Id.* at 35 (internal quotation marks omitted). "We do not rely solely on a petitioner's description of his claims, but scrutinize a petitioner's arguments to determine whether they raise reviewable questions." *Id.* We retain jurisdiction to determine our own jurisdiction. *See James v. Mukasey*, 522 F.3d 250, 253 (2d Cir. 2008).

In this case, the IJ and the BIA found that Argueta was statutorily eligible for special cancellation of removal, and denied his application as an exercise of discretion. Review of that discretionary determination is statutorily barred, except to the extent Argueta's petition raises a constitutional claim or question of law. *See Sumbundu*, 602 F.3d at 54.[2] The government argues that we should dismiss for lack of jurisdiction because Argueta fails to raise a "colorable" legal or constitutional claim. We disagree. Though all but one of Argueta's claims lie beyond our jurisdiction because they are directed to the manner in which the IJ balanced the equities in denying his application for discretionary relief, we find that Argueta does indeed raise a question of law: whether the IJ applied a legally erroneous standard when the IJ considered convictions that occurred prior to the last 7 years in determining how to exercise discretion.

---

[2] Argueta contends that the jurisdiction-stripping provisions of NACARA—which make unreviewable by any court a determination by the Attorney General as to whether an alien has satisfied the statutory requirements for special rule cancellation of removal—do not apply to the circumstances of his case. *See* NACARA § 203(a)(1). He is correct that this jurisdiction-stripping provision does not apply to his case because, here, the IJ determined—and the government does not challenge—that Argueta met the statutory prerequisites for special rule cancellation of removal. This issue, however, is entirely distinct from whether we have jurisdiction under 8 U.S.C. § 1252(a)(2)(B) to review certain discretionary determinations by the IJ.

6

Argueta's argument that the IJ applied the wrong legal standard in exercising his discretion raises a question of law that is subject to our review. *See, e.g.*, *Wallace v. Gonzales*, 463 F.3d 135, 138 (2d Cir. 2006) (per curiam) (holding that the petitioner had presented a question of law in arguing that an official evaluating an application for adjustment of status may not *consider* the adjudication of the applicant's adjudication as a "'Youthful Offender' under New York State criminal law"). And though—for the reasons explained below—we conclude that Argueta's claim lacks merit, it is not "insubstantial" or "frivolous." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008). "[F]ailure to make a meritorious substantive claim should not be confused with an attempt to overcome a lack of jurisdiction by invoking the rhetoric of a 'question of law.'" *Khan*, 495 F.3d at 35. In this respect, we emphasize that Argueta's contention that the IJ weighed factors that the IJ was *prohibited* from considering is quite distinct from the unreviewable argument that the IJ balanced improperly those factors that the IJ could consider.

\* \* \*

Because Argueta's claim fails on the merits, we deny his petition. Argueta's argument that the IJ could not consider his prior convictions as a negative discretionary factor incorrectly attempts to impose the standards for statutory *eligibility* for special cancellation of removal onto the IJ's discretionary power to grant or deny relief after finding that these statutory requirements have been met.

To be eligible for relief, an applicant must show that she has been "a person of good moral character during the required period of continuous physical presence." 8 C.F.R. § 240.66(b)(3); *see also* NACARA § 203(f)(1)(A)(iii). In the context of NACARA, the requisite period for continuous physical presence is seven years immediately preceding the filing date for

7

the application for special cancellations of removal. C.F.R. § 240.66(b)(2); *see also* NACARA § 203(f)(1)(A)(ii). Because Argueta's convictions from 1996 and earlier took place more than seven years prior to his application for relief, his prior arrests and convictions for driving while under the influence did not render him *ineligible* for special cancellation of removal based on his moral character. Argueta contends that it necessarily follows that if his prior convictions cannot be used for evaluating his "moral character" for purposes of NACARA eligibility, then they may also not be used by the IJ in its weighing of discretionary factors.

Argueta's argument—a matter of first impression in this Circuit—is unavailing. There is no statutory or regulatory provision that temporally restricts the discretionary factors that the agency may consider in deciding whether to grant or deny cancellation of removal. And there is no reason why the time frame used to determine "good moral character" for statutory eligibility should implicitly constrain the agency's broad discretion to decide whether to grant cancellation of removal as a matter of grace. To the contrary, under BIA precedent, the agency regularly balances many positive and adverse factors in deciding how to exercise its discretion. "Among the factors deemed adverse to an alien [is] . . . the existence of a criminal record." *In re C-V-T*, 22 I. & N. Dec. 7, 11 (B.I.A 1998). And prior criminal acts are not excluded from consideration because of their vintage; rather, the "nature, recency, and seriousness" of the prior convictions is considered as part of the overall balancing test, as is "proof of genuine rehabilitation if a criminal record exists." *See id.* Argueta's argument that the agency applied the wrong legal standard by considering impermissible factors in the exercise of its discretion therefore fails.

To the extent Argueta also challenges the weight the IJ and BIA gave to his prior convictions and his claims to have successfully rehabilitated, that is a discretionary judgment that we lack jurisdiction to review.

8

## CONCLUSION

We have carefully considered all of Argueta's arguments and find them to be without merit.  For the foregoing reasons, the petition for review is **DENIED**.