Lima v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of December, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
             JON O. NEWMAN,
             GERARD E. LYNCH,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
JOSE B. LIMA,
        <u>Petitioner</u>,

        -v.-                                      11-79

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        <u>Respondent</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER:                 Anne Pilsbury, Brooklyn, New
                                York.

FOR APPELLEES:                  Tony West, Assistant Attorney
                                General, Civil Division; Cindy

1

S. Ferrier, Senior Litigation Counsel; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision**, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DISMISSED**.

Jose Brigido Lima, a native and citizen of El Salvador, petitions for review of a BIA decision affirming a ruling by Immigration Judge ("IJ") Joanna Miller Bukszpan, denying his application for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act of 1997. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The IJ and BIA rejected Lima's application, finding [i] that Lima did not establish that he was a person of good moral character for the seven years preceding his application, see 8 C.F.R. § 1240.66(b)(2)-(3), and [ii] that in any event, an exercise of discretion in Lima's favor was not justified. For both determinations, they relied on Lima's failure to appear to face charges in connection with a 1990 hit-and-run accident in California until 2004, a period spanning almost the entire seven years during which Lima was to demonstrate good moral character. Lima argues that the IJ committed an error of law by overlooking his reasons for absconding and that the BIA committed an error of law by mischaracterizing his alleged efforts to resolve the charges.

**[1]** *Standard of Review*
No court has jurisdiction to review discretionary determinations of the BIA, including cancellation of removal, 8 U.S.C. § 1229(b), except to the extent that the petition raises a constitutional claim or question of law. 8 U.S.C. § 1252(a)(2)(B)(i), (2)(D); see Argueta v. Holder, 617 F.3d 109, 111-12 (2d Cir. 2010) (per curiam). Agency determinations of moral character made under the catchall provision, 8 U.S.C. § 1101(f)(9), are discretionary determinations which are likewise reviewable for

2

constitutional claims or questions of law.  See Sumbundu v. Holder, 602 F.3d 47, 55 (2d Cir. 2010) (leaving open the possibility that "moral character determinations under the catchall provision are . . . subject to substantial evidence review").  A petitioner cannot, however,"secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion."  Xiao Ji Chen v. United States Dep't of Justice, 471 F.3d 315, 330 (2d Cir. 2006).

Moreover, a BIA determination that an applicant for cancellation of removal who meets the basic standards of eligibility will nevertheless be denied that relief in the agency's discretion is not reviewable.  Mendez v. Holder, 566 F.3d 316, 320 (2d Cir. 2009).

**[2]** *Challenge to Agency Factfinding*
"[T]he agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy, but where . . . some facts important to the [determination of a criterion for eligibility for cancellation of removal] have been totally overlooked and others have been seriously mischaracterized, we conclude that an error of law has occurred."  Mendez, 566 F.3d at 323.  In Mendez, a petition for review was granted and remanded to the BIA when the opinion of an IJ made obvious that the IJ had not considered a relevant fact.  See Id. at 322-23 (IJ opinion recited that the only evidence regarding an asthma condition was a doctor's letter, whereas the petitioner testified as to other evidence of the asthma's severity).

Here, Lima argues that the IJ overlooked his testimony that the reason he fled the accident was that he feared deportation to El Salvador where his father and brother were killed.  Although the IJ acknowledged that Lima "intentionally failed to appear at his criminal hearing in 1990 out of fear of being found guilty and deported," no mention was made of the Salvadoran murders.  Lima challenges as a mischaracterization the BIA's statement that he "did not face the criminal charges until he was arrested during his immigration proceedings in 2004."  Lima testified that he and his sister made efforts to contact the authorities in California in order to deal with the charges.

In any event, the IJ decided both that Lima was ineligible for relief because he lacked good moral character and that Lima's evasion of prosecution made it impossible to "justify an exercise of discretion in [Lima's] favor."  That decision was upheld by the BIA, which in addition to upholding the IJ's finding of lack of good moral character, "also f[ou]nd no error with the Immigration Judge's discretionary denial of relief."  Since this discretionary decision, which we lack jurisdiction to review, Mendez, 566 F.3d at 319-320, independently supports the agency's denial of relief, we must dismiss the petition for lack of jurisdiction.

We find no merit in Lima's remaining arguments.  For the reasons stated above, the petition for review is **DISMISSED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK