19-3004-ag
Santiago v. Barr

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty.

PRESENT:
      JOHN M. WALKER, JR.,
      RAYMOND J. LOHIER, JR.,
            *Circuit Judges,*
      TIMOTHY C. STANCEU,*
            *Judge.*

———————————————————

CONSTANTINO SANTIAGO, AKA
CONSTANTINO SANTIAGO-SANTIAGO,
      *Petitioner,*

      v.                                                      19-3004-ag

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

———————————————————

FOR PETITIONER:            Glenn L. Formica, Formica, P.C., New Haven, CT.

---

* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

FOR RESPONDENT: Jeffrey Bossert Clark, Acting Assistant Attorney General, Civil Division; Nancy E. Friedman, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Constantino Santiago, a native and citizen of Mexico, seeks review of a September 5, 2019 decision of the BIA affirming an April 3, 2019 decision of an Immigration Judge (IJ) denying Santiago's application for cancellation of removal. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to dismiss.

We have reviewed the IJ's decision as supplemented by the BIA. See Wala v. Mukasey, 511 F.3d 102, 105 (2d Cir. 2007). "Obtaining . . . cancellation of removal is a two-step process. First, an alien must prove eligibility by showing that he meets the statutory eligibility requirements. . . . Second, assuming an alien satisfies the statutory requirements, the Attorney General in his discretion decides whether to grant or deny relief." Rodriguez v. Gonzales, 451 F.3d 60, 62 (2d Cir. 2006) (per curiam); see also 8 U.S.C. § 1229a(c)(4)(A). Our jurisdiction to review a denial of discretionary relief is limited to colorable constitutional claims and questions of law. See Barco-Sandoval v.

2

Gonzales, 516 F.3d 35, 39–40 (2d Cir. 2008).

Santiago does not raise a colorable question of law. He argues that the agency does not have the authority to deny cancellation of removal as a matter of discretion where an applicant is statutorily eligible for relief. His argument is foreclosed by the clear language of 8 U.S.C. § 1229b(b)(1), which indicates that the agency "may cancel removal" of an applicant who satisfies the eligibility requirements. See Bugayong v. INS, 442 F.3d 67, 73 (2d Cir. 2006) (noting in a similar statute that "the use of the permissive 'may' . . . indicates . . . a threshold finding that an IJ must ordinarily make before reaching the ultimate, and separate, determination as to whether he should exercise his discretion in favor of a petitioner"). Because the agency has this discretionary authority even if an applicant is eligible for relief under the statute, it is irrelevant that the IJ considered a conviction that occurred more than "10 years immediately preceding the date of [the] application." See 8 U.S.C. § 1229b(b)(1)(A), (B). The agency did not erroneously rely on evidence of the conviction to find that Santiago had not shown good moral character such that he was rendered ineligible; it denied relief solely as a matter of discretion.

Santiago also argues that it was improper for the IJ to consider pending charges arising from his 2016 arrest in exercising the IJ's discretion to deny relief. Santiago's argument is unavailing. The agency may "consider[] an applicant's anti-social conduct—whether leading to a conviction . . . or no legal judgment whatsoever—as an

3

adverse factor in evaluating an application for discretionary relief." Wallace v. Gonzales, 463 F.3d 135, 139 (2d Cir. 2006) (per curiam). We otherwise lack jurisdiction to consider the agency's weighing of the positive and adverse factors in exercising its discretion. See Argueta v. Holder, 617 F.3d 109, 113 (2d Cir. 2010) (per curiam).

Further, Santiago's argument that the IJ failed to consider evidence of his rehabilitation is without merit. The IJ explicitly considered the evidence of Santiago's rehabilitation but found that Santiago's history involving alcohol abuse outweighed it. Essentially, Santiago's dispute is with the agency's weighing of equities in the exercise of discretion, which is not reviewable. See id. Finally, although Santiago hypothesizes that the IJ may have made a misstatement regarding an exhibit such that the case should be remanded to perfect the record, he does not identify any evidence missing from the record or otherwise explain what the error is. We therefore decline to remand the case.

We have considered Santiago's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4