20-1525
Paredes Moscoso v. Garland

BIA
Straus, IJ
A208 113 473

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-one.

PRESENT:
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges,*
> JOHN G. KOELTL,
> > *District Judge.*\*

———————————————————————

GONZALO IVAN PAREDES MOSCOSO,
> *Petitioner,*

> v.                                                        20-1525

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,

———————————

\* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

*Respondent.*

_____

**FOR PETITIONER**:        Erin O'Neil-Baker, Esq., O'Neil Baker Law, LLC, Hartford, CT.

**FOR RESPONDENT:**        Brian Boynton, Acting Assistant Attorney General; Sabatino F. Leo, Assistant Director; Corey L. Farrell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Gonzalo Ivan Paredes Moscoso, a native and citizen of Ecuador, seeks review of a decision of the BIA affirming a decision of an Immigration Judge denying his application for cancellation of removal. *In re Gonzalo Ivan Paredes Moscoso*, No. A208 113 473 (B.I.A. Apr. 24, 2020), *aff'g* No. 208 113 473 (Immig. Ct. Hartford July 10, 2018). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to resolve the petition.

We review the IJ's decision "as supplemented by the BIA." *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Parades Moscoso is a nonpermanent resident, so

2

the BIA may, in its discretion, cancel his removal if he "establishes that removal would result in exceptional and extremely unusual hardship to" a qualifying relative, 8 U.S.C. § 1229b(b)(1)(D), and satisfies various other criteria not at issue here, *id.* § 1229b(b)(1)(A)–(C). To meet the demanding "exceptional and extremely unusual hardship" standard, an applicant must show that "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001); *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (B.I.A. 2002) (noting that exceptional and extremely unusual hardship is a "very high standard").

Importantly, our jurisdiction to review the BIA's denial of cancellation on hardship grounds is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36, 38–40 (2d Cir. 2008). A question of law arises where the agency "overlooked" or "seriously mischaracterized" multiple significant pieces of evidence, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), considered a prohibited factor, *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010), or applied "a legally erroneous standard," *Barco-Sandoval*, 516 F.3d at 39 (citation omitted). We are not free to resolve quarrels over

3

fact-finding or the weight the BIA assigned to various facts. *See id.* at 39–40.

Here, Paredes Moscoso asserts that his U.S.-citizen sons suffer from medical problems and learning difficulties that will be exacerbated if Paredes Moscoso is removed, and he argues that the BIA's "factfinding was an abuse of discretion because it was made without rational justification or based on a legally erroneous standard." Paredes Moscoso Br. at 11–12 (quotation marks omitted). In particular, he derides the agency's determination that his sons' medical and school records did not reveal any significant medical issues or learning disabilities. *Id.* at 12. But Paredes Moscoso does not identify any evidence that the BIA "totally overlooked" or "seriously mischaracterized," *Mendez*, 566 F.3d at 323, and a careful review of the record reveals nothing to corroborate his assertion that one son has a documented learning disability, that the other son has a heart condition and cystic fibrosis, or that either son has a serious medical condition. *See Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (B.I.A. 2020) (holding that "to the extent that a claim is based on the health of a qualifying relative, an applicant needs to establish that the relative has a serious medical condition").

Though the outer bounds of our jurisdiction to correct errors of law permit us to intervene when the BIA has overlooked or egregiously mischaracterized

multiple significant facts, that has not happened here. *Mendez*, 566 F.3d at 323. We therefore lack jurisdiction to review Paredes Moscoso's objections to the agency's fact-finding and its choices in weighing the evidence. *See Barco-Sandoval*, 516 F.3d at 39; *Xiao Ji Chen v. DOJ*, 471 F.3d 315, 329–32, 342 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court