*Thomas v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand twenty-one.

Present:
>           DEBRA ANN LIVINGSTON,
>                   *Chief Judge*,
>           DENNIS JACOBS,
>           STEVEN J. MENASHI,
>                   *Circuit Judges*.

_____

PHILBERT ONEIL THOMAS,

>           *Petitioner*,

v.                                                              20-1824

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,

>           *Respondent*.

_____

| | |
|---|---|
| For Petitioner: | GARY J. YERMAN, The Yerman Group, LLC, New York, NY. |
| For Respondent: | RACHEL L. BROWNING, Trial Attorney, Office of Immigration Litigation, *for* KEITH I. MCMANUS, Assistant Director, Office of Immigration Litigation, and BRIAN BOYNTON, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** in part, and **DISMISSED** in part.

Petitioner Philbert Oneil Thomas, a citizen of Jamaica, seeks review of a May 19, 2020 decision of the BIA affirming a May 2, 2018 decision of an Immigration Judge ("IJ") finding Thomas removable and denying his applications for adjustment of status and cancellation of removal. *In re Philbert Oneil Thomas,* No. A096 656 563 (B.I.A. May 19, 2020), *aff'g* No. 096 656 563 (Immig. Ct. N.Y. City May 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

"Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The standards of review are well-established; we review the agency's findings of fact for substantial evidence, *id.*, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), and questions of law and applications of law to fact *de novo*, *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency's decision "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)).

In this case, the agency ordered Thomas removed for being present without admission or parole, found him ineligible to adjust status because he had not been admitted, and denied cancellation of removal. We deny the petition as to admission and adjustment of status and dismiss the petition as to cancellation of removal.

To adjust status to that of a permanent resident, an applicant must demonstrate that he was "inspected and admitted or paroled into the United States." *Cruz-Miguel v. Holder*, 650 F.3d 189, 193–94 (2d Cir. 2011) (quoting 8 U.S.C. § 1255(a)). Likewise, in removal proceedings, once alienage is established, the burden shifts to the non-citizen to establish by clear and convincing evidence that he was "lawfully in the United States pursuant to a prior admission." 8 C.F.R. § 1240.8(c). Here, alienage was established because Thomas admitted that he is not a citizen of the United States and is a citizen of Jamaica. Thomas then failed to carry his burden of demonstrating admission into the United States, in particular, that he was admitted to the United States in 1999 under the name Gavin Findley, as he claimed. We find no error in the agency's conclusion that, standing alone, a copy of an I-94 that is not in Thomas's name is not clear and convincing evidence that Thomas was inspected and admitted.

Thomas's argument that he was deprived of due process because the Government conceded that it had a record of Findley's 1999 entry is unexhausted and not properly before us. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 118–20, 122 (2d Cir. 2007); *Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir. 2004). Moreover, were we to reach the argument, we would find no merit. The record reflects that, although the Department of Homeland Security may have found a record of entry for Gavin Findley, it did not agree that Thomas was the individual who entered under that name. Thomas still had to prove that he entered as Gavin Findley, and he failed to provide any corroborating documentation, such as proof of baggage fees or an airline ticket.

We further dismiss the petition as to cancellation of removal. Nonpermanent residents must "establish[] that removal would result in exceptional and extremely unusual hardship to" a qualifying relative, here, Thomas's U.S. citizen wife and son.[1] 8 U.S.C. § 1229b(b)(1)(D). Our

---

[1] The BIA limited its review of the IJ's denial of cancellation of removal to the hardship determination.

3

jurisdiction to review the denial of this hardship determination is limited to constitutional claims and questions of law. *Id.* § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36, 38–40 (2d Cir. 2008). Thomas has not raised a colorable constitutional claim or question of law.

Hardship is a high burden, requiring the applicant to show that "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001). The agency considers "the ages, health, and circumstances of qualifying . . . relatives." *Id.* at 63. Thomas argues that the agency failed to adequately consider his wife's depression and the emotional hardship his removal would cause her and his son. Yet the agency explicitly acknowledged the important role that Thomas plays in the lives of his wife and son, as well as his wife's medical issues. Thomas does not identify any evidence that the BIA ignored or mischaracterized. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). Thomas's assertions thus amount to quarrels over factfinding and the weighing of the hardship factors; such quarrels are not subject to judicial review. *See Barco-Sandoval*, 516 F.3d at 39–40; *see Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329–32, 342 (2d Cir. 2006).

Thomas also argues that the agency, in addressing hardship, should not have considered the possibility that he may be eligible for a waiver of inadmissibility and to adjust status from Jamaica and return to the United States. As an initial matter, he has not exhausted this argument. But it likewise fails on the merits. While the agency's consideration of a prohibited factor implicates a reviewable question of law, *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010),

Thus, we do not reach Thomas's arguments regarding the IJ's finding that he did not demonstrate good moral character. *See Yan Chen*, 417 F.3d at 271; *Lin Zhong*, 480 F.3d at 122 ("[W]e may consider only those issues that formed the basis for [the BIA's] decision.").

Thomas's potential eligibility for other relief is not a prohibited factor, *see In re Monreal-Aguinaga*, 23 I. & N Dec. at 63–64 (listing "possibility of other means of adjusting status" as a factor historically considered in determining hardship). To the extent Thomas argues that a grant of a waiver is speculative, his challenge is to the weight of the evidence and is beyond our review. *See Argueta*, 617 F.3d at 113; *Xiao Ji Chen*, 471 F.3d at 330–32 (2d Cir. 2006) (holding that arguments that challenge factfinding and balancing of factors do not implicate questions of law).

\* \* \*

For the foregoing reasons, the petition for review is **DENIED** in part, and **DISMISSED** in part.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court