*Chiriboga v. Garland*

BIA
Barcus, IJ
A089 922 638

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

BORIS ALEJANDRO CHIRIBOGA,
> *Petitioner*,

v.                                              No. 20-3016

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:         Alexander J. Segal, The Law Offices of Grinberg & Segal, P.L.L.C., New York, NY.

FOR RESPONDENT:         Joseph A. O'Connell, Attorney, Office of Immigration Litigation (Cindy S. Ferrier, Assistant Director, *on the brief*) *for* Brian M. Boynton, Acting Assistant Attorney

General, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Boris Alejandro Chiriboga, a native and citizen of Ecuador, seeks review of a 2020 decision of the BIA affirming a 2018 decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *Boris Alejandro Chiriboga,* No. A089 922 638 (B.I.A. Aug. 11, 2020), *aff'g* No. 089 922 638 (Immg. Ct. N.Y. City May 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to dismiss the petition.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). For a nonpermanent resident such as Chiriboga, the agency may cancel removal where, as relevant here, the applicant "establishes that removal would result in exceptional and extremely unusual hardship to" a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). Chiriboga's only qualifying relative for the purpose of this statute is his youngest daughter, who is a U.S. citizen. Our jurisdiction to review the denial of cancellation of removal on

2

hardship grounds is limited to constitutional claims and questions of law. *See id.* § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36, 38–40 (2d Cir. 2008). A question of law may arise where the agency "totally overlooked" or "seriously mischaracterized" evidence. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (*per curiam*). We dismiss the petition because Chiriboga's argument that the agency ignored evidence of financial hardship is not colorable and he did not exhaust his claim that the IJ failed to fully develop the record.

Showing "exceptional and extremely unusual hardship" is a heavy burden, requiring an applicant to establish that "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001). Chiriboga argues the agency failed to fully consider evidence of his financial support to his daughters. His argument does not implicate a question of law because the record reflects that the IJ and BIA considered Chiriboga's testimony that he provided financial support—primarily a weekly $100 payment to the mother of his younger daughter—and the record does not indicate that the agency ignored the letters from his daughters' mothers confirming that Chiriboga provides support to his daughters.

3

Moreover, "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise" and we do not require the IJ to "engage in robotic incantations to make clear that he has considered and rejected a petitioner's proffered explanation." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (internal quotation marks omitted). Because the record reflects that the agency considered the evidence of Chiriboga's support to his daughters, we lack jurisdiction to further consider the weight the agency gave to that evidence. *See Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010).

Chiriboga also argues that the IJ failed in his obligation to develop the record by not soliciting additional testimony about the financial situations of his daughters' mothers. We do not reach this issue because Chiriboga did not raise it before the BIA, and therefore has not exhausted it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) ("Consistent with the strong prudential rationale for requiring all issues raised on appeal to have been presented below, our circuit applies an issue exhaustion doctrine to petitions for review from the BIA.").

4

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court