23-6013
Acevedo v. Garland

BIA
Ruehle IJ
A0209 200 702

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges.*

_____

JOEL ESTEBAN ACEVEDO,

> *Petitioner,*

> v.                                                                              23-6013

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

**FOR PETITIONER:**   Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:**   Brian M. Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Joel Esteban Acevedo, a native and citizen of the Dominican Republic, seeks review of a December 6, 2022, decision of the BIA affirming a June 25, 2019, decision of an Immigration Judge ("IJ") denying his application to adjust to lawful permanent resident status based on his marriage to a U.S. citizen. *In re Joel Esteban Acevedo*, No. A209 200 702 (B.I.A. Dec. 6, 2022), *aff'g* No. A209 200 702 (Immig. Ct. Buffalo June 25, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Our jurisdiction to review the agency's denial of discretionary relief, including adjustment of status under 8 U.S.C. § 1255, is limited to

2

"constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D) (referencing *id.* § 1252(a)(2)(B)(i)); *see Patel v. Garland*, 596 U.S. 328, 347 (2022) ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255 and other provisions enumerated in § 1252(a)(2)(B)(i)."); *Ud Din v. Garland*, 72 F.4th 411, 421–22 (2d Cir. 2023) (holding that discretionary denials of adjustment of status based on factual findings are unreviewable). A challenge to the weight of the evidence or balancing of factors does not raise a question of law. *See Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010) (per curiam); *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 330–32, 342 (2d Cir. 2006) (holding that petitioner may not "us[e] the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion" and that the weight of the evidence is primarily a matter of agency discretion).

A nonimmigrant, like Acevedo, may adjust to lawful permanent resident status at the discretion of the Attorney General if he has been admitted to the United States, has completed an application, is eligible to receive an immigrant visa, is admissible for permanent residence, and a visa is immediately available. 8 U.S.C. § 1255(a); *Matter of Sesay*, 25 I. & N. Dec. 431, 438–40 (B.I.A. 2011) (explaining the eligibility requirements for adjustment of status for fiancé visa holders). Adjustment is a two-step process

3

"involving first, proof of . . . statutory eligibility for the adjustment, and second, an exercise of discretion by the Attorney General as to whether to grant such relief." *Singh v. Gonzales*, 468 F.3d 135, 138 (2d Cir. 2006). "In making discretionary determinations, [the agency] balance[s] the equities and the adverse factors presented to decide whether an alien merits a favorable exercise of discretion." *Matter of Sesay*, 25 I. & N. at 443 (citation omitted). "Immigration [j]udges and th[e] Board have wide latitude in addressing discretion." *Id*.

We lack jurisdiction to review the agency's discretionary denial of adjustment because Acevedo has not raised a constitutional claim or question of law. *See Patel*, 596 U.S. at 347; *Ud Din,* 72 F.4th at 421–22.

First, Acevedo contends that the IJ erroneously found that he had destroyed his wife's phones (plural) because the record only reflects that he threw one phone against a wall. This is not a serious mischaracterization as he concedes that his wife's written statement was that he had "broken phones in the past," she testified he had once thrown a phone against a wall, and the record reflected that he had attempted to grab a phone on another occasion. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) ("[T]he agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy . . . .").

4

Second, he contends that the IJ ignored his acceptance of responsibility and should have credited his version of events when discrepancies arose in the accounts of several incidents. The IJ's conclusion that Acevedo had minimized the incidents in comparison to his wife's testimony, thus crediting his wife's version of events, is exactly the type of fact-finding and weighing of the evidence that we lack jurisdiction to review. *See Argueta*, 617 F.3d at 113; *Xiao Ji Chen*, 471 F.3d at 330–32, 342. At bottom, Acevedo argues that the IJ over-emphasized the incidents between him and his wife in weighing the factors. Such arguments about the weight of evidence and the balancing of factors do not implicate questions of law. *See Argueta*, 617 F.3d at 113; *Xiao Ji Chen*, 471 F.3d at 330.

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5