Coello Farfan v. Barr

BIA
Straus, IJ
A074 913 373

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of December, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

MIGUEL ANGEL COELLO FARFAN,
AKA MIGUEL COELLO,

    *Petitioner*,

    v.                        **19-1819**

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

    *Respondent*.

_____

FOR PETITIONER:     GLENN L. FORMICA, ESQ., FORMICA, P.C., New Haven, CT.

FOR RESPONDENT:     COLIN J. TUCKER, Trial Attorney (Leslie McKay, Senior Litigation Counsel, *on the brief*) *for* Jeffrey Bossert Clark, Acting Assistant Attorney General, Office of Immigration Litigation, United States Department

of Justice, Civil Division, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Miguel Angel Coello Farfan, a native and citizen of Peru, seeks review of decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying adjustment of status and ordering him removed. *In re Miguel Angel Coello Farfan*, No. A 074 913 373 (B.I.A. June 3, 2019), *aff'g* No. A 074 913 373 (Immig. Ct. Hartford Jan. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Adjustment to lawful permanent resident status is a discretionary form of relief available to a non-citizen who is eligible to receive an immigrant visa, is admissible to the United States for permanent residence, and has an immigrant visa immediately available at the time of filing the adjustment application. 8 U.S.C. § 1255(a). When evaluating a request for such an adjustment, the agency engages in a "two-step process," first determining eligibility and then deciding whether the relief is warranted as a matter of discretion. *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006). Our jurisdiction to review the agency's discretionary denial of adjustment of status is limited to colorable constitutional claims and questions of law, which we

2

review de novo. *See* 8 U.S.C. § 1252(a)(2)(B)(i) & (D); *see Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Petitioner raises two questions of law. *See Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010) (noting that consideration of an improper factor would raise a question of law). First, he contends that the agency erred in considering, as a factor relevant to its exercise of discretion, his conviction for a crime that is not an enumerated inadmissibility ground in 8 U.S.C. § 1182(a)(2). Second, Petitioner contends that the IJ erred in considering the facts underlying his conviction because it was later vacated by a state appeals court. Both arguments lack merit.

The IJ found Petitioner *admissible* and statutorily eligible for adjustment of status but denied that relief as a matter of *discretion*, after considering his criminal convictions and past immigration fraud. Petitioner's argument that an IJ cannot consider a conviction as part of the exercise of discretion unless it is an enumerated crime under in § 1182(a)(2) is inconsistent with our case law and the language of the statute.

Admissibility is a distinct inquiry from whether an alien merits adjustment: section 1255(a) states that the Attorney General "may" grant adjustment "in his discretion," once a non-citizen meets certain requirements, including being admissible. We have held that the agency may consider an applicant's criminal history in this type of discretionary inquiry. *See Noble v. Keisler*, 505 F.3d 73, 78–80 (2d Cir. 2007); *Wallace v. Gonzalez*,

463 F.3d 135, 138–40 (2d Cir. 2006). Nor is there any statutory bar to such considerations at the discretionary step. *See, e.g.,* 8 U.S.C. § 1255(h)(2).

The IJ's discretion is broad, but the statute does not give the IJ unfettered power. The IJ must, for example, consider the relevant evidence and balance the negative factors against those that weigh in favor of a discretionary adjustment; the agency would commit an error of law were it to "totally overlook[]" an important fact. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). Accordingly, the IJ properly considered Petitioner's conviction in its discretionary analysis, even though the crime would not itself have rendered him inadmissible.

Moreover, Petitioner mischaracterizes the IJ's analysis in arguing that the IJ improperly considered the conduct underlying his vacated conviction. The IJ acknowledged the vacatur of the original conviction but nevertheless considered it relevant because Petitioner subsequently pled guilty to a lesser charge that was based on the same conduct. Indeed, the IJ appears to have relied on the petitioner's statements as to this conduct in his plea colloquy. We find no error in such reliance. *See Wallace*, 463 F.3d at 139.

The petition for review is therefore DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

4