19-1709
Morquecho Garcia v. Garland

BIA
Straus, IJ
A 205 890 441/442

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-one.

PRESENT:
JON O. NEWMAN,
ROBERT A. KATZMANN,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

MARTHA LUCIA MORQUECHO GARCIA,
AKA MARTHA MORQUECHO, AKA MARTHA
LUCIA, ANGEL GABRIEL MORQUECHO
SAICO, AKA ANGEL MORQUECHO,
*Petitioners*,

v.                                                                      19-1709

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONERS:                    James A. Welcome, Waterbury, CT.

FOR RESPONDENT:     Brian M. Boynton, Acting Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Giovanni B. Di Maggio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioners Martha Lucia Morquecho Garcia and Angel Gabriel Morquecho Saico, natives and citizens of Ecuador, seek review of a May 16, 2019 decision of the BIA affirming a January 23, 2018 decision of an Immigration Judge ("IJ") denying their applications for cancellation of removal. *In re Morquecho Garcia, Morquecho Saico*, Nos. A 205 890 441/442 (B.I.A. May 16, 2019), *aff'g* Nos. A 205 890 441/442 (Immigr. Ct. Hartford Jan. 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's decisions. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). Petitioners applied for cancellation of removal, which is available to non-permanent residents who meet presence and character requirements and, as relevant here, "establish[] that removal would result in exceptional and extremely unusual hardship to" a qualifying relative who is a U.S. citizen. 8 U.S.C. § 1229b(b)(1)(D). Petitioners alleged that removal to rural Ecuador would cause hardship to their two U.S. citizen sons, primarily because of the disparity in school quality.

Our review of this hardship determination is limited to colorable constitutional claims and to questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36 (2d Cir. 2008). An error of law may arise if the agency applies the wrong legal standard,

2

*see id.* at 40, or "overlook[s]" or "seriously mischaracterize[s]" the facts, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).[1]

We dismiss the petition because Petitioners have not stated a colorable legal claim. Petitioners' arguments essentially challenge the weight the agency gave the evidence and the balancing of factors, which we lack jurisdiction to review. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Petitioners argue that the BIA and IJ failed to consider all of the required factors or to consider hardship cumulatively. These claims are not supported by the record. Hardship is a high burden, requiring that a "qualifying relative[] would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001); *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (B.I.A. 2002) (noting that exceptional and extremely unusual hardship is a "very high standard"). The agency considers "the ages, health, and circumstances of qualifying . . . relatives," including how a lower standard of living, diminished educational opportunities, or adverse country conditions in the country of removal might affect the relatives. *Monreal-Aguinaga*, 23 I. & N. Dec. at 63; *see also Andazola-Rivas*, 23 I. & N. Dec. at 323; *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 468 (B.I.A. 2002). Both the IJ and the BIA considered education, standard of living, family ties, the age and health of the qualifying relatives and applicants, and Petitioners' ability to maintain employment, before concluding that the hardship was not "substantially different from, or beyond, that which ordinarily would be expected to result from a family member's removal from the United States." *See Monreal-Aguinaga*, 23

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

I. & N Dec. at 65; *Andazola-Rivas*, 23 I. & N. Dec. at 321. The IJ explicitly considered the "substantial impact to the children in moving to a rural area in Ecuador" as well as the "disruption to the children's education," and weighed these factors against the oldest child's ability to speak some Spanish, the children's lack of health issues, Petitioners' ability to work, and their family ties to Ecuador. Cert. Admin. Rec. 43. We do not have jurisdiction to review further the IJ's balancing of these factors. *See Argueta v. Holder*, 617 F.3d 109, 112–13 (2d Cir. 2010).

Petitioners also contend that the IJ "disregarded significant evidence of educational factors" and failed to account for the "drastic difference[]" in the "education levels" of the United States and Ecuador. Pet'rs Br. at 25–27. An IJ commits legal error when key facts "have been totally overlooked" or "seriously mischaracterized." *Mendez*, 566 F.3d at 323. However, the IJ here explicitly considered the difference in education systems, but concluded that the diminished opportunities in Ecuador did not satisfy the high burden of "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). To the extent Petitioners argue that the IJ afforded too little weight to a given factor, that argument is beyond our jurisdiction. *See Barco-Sandoval*, 516 F.3d at 42; *Argueta*, 617 F.3d at 113 (distinguishing between raising the consideration of a prohibited factor as a question of law and raising the balancing of factors as an unreviewable factual determination).

Finally, Petitioners argue that the agency failed to consider certain country condition reports on the deficiencies of Ecuador's education system. But the administrative record does not reflect that any such reports were submitted to the agency. After we requested additional briefing from the parties on this factual question, Petitioners' appellate counsel (who did not represent them before the agency) indicated that he is in possession of a packet of country condition reports provided by Petitioners' prior counsel, but conceded the possibility that Petitioners' prior counsel

4

failed to formally add these documents to the agency record. *See* ECF 95 at 1. Because it was Petitioners' burden to build the record before the agency, we cannot consider these country condition reports on appeal. To the extent such reports support Petitioners' request for cancellation of removal but were left out of the record through attorney error, they might be the subject of a motion to reopen before the agency.

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk