Miguel v. Garland

BIA
Kolbe, IJ
A206 223 340

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

_____

CESAR ORLANDO MIGUEL, AKA
ANTONIO ESCOBAR-MUNRROI,
> *Petitioner*,

v.                                                          20-1805

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:              Craig Relles, Law Office of Craig
                             Relles, White Plains, NY.

FOR RESPONDENT:              Brian M. Boynton, Acting Assistant
                             Attorney General, Claire L. Workman,

Senior Litigation Counsel, Maarja T. Luhtaru, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED** in part and **DENIED** in part.

Petitioner Cesar Orlando Miguel, a native and citizen of Guatemala, seeks review of a May 13, 2020 decision of the BIA affirming a May 17, 2018 decision of an Immigration Judge ("IJ"), which denied both his application for cancellation of removal and his motion to remand for consideration of additional evidence. *In re Cesar Orlando Miguel*, No. A206 223 340 (B.I.A. May 13, 2020), *aff'g* No. A206 223 340 (Immigr. Ct. N.Y.C. May 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). For a nonpermanent resident like Miguel, the agency may cancel removal where, in relevant part, the applicant "establishes that removal would result in exceptional and extremely unusual hardship to" a qualifying relative, here Miguel's U.S. citizen daughters. 8 U.S.C. § 1229b(b)(1)(D). Our jurisdiction to review the denial

2

of cancellation on hardship grounds is limited to constitutional claims and questions of law. *See id.* § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36, 38–40 (2d Cir. 2008). A question of law may arise where the agency "totally overlooked" or "seriously mischaracterized" evidence, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), considered a prohibited factor, *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010), or applied "a legally erroneous standard," *Barco-Sandoval*, 516 F.3d at 39. We dismiss the petition because Miguel has not raised a colorable question of law and deny review of his due process claim.

Hardship is a high burden, requiring that "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001); *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (B.I.A. 2002) (noting that exceptional and extremely unusual hardship is a "very high standard").

First, Miguel argues the agency "cherry-picked" evidence to support its conclusion that his wife would be able to support their daughters in the event of his removal and "fail[ed] to appreciate" the severity of his daughters' generalized anxiety and major depressive disorders. Petitioner Br. at 18-19. These arguments

3

are belied by the record and do not raise a question of law sufficient to invoke our jurisdiction. The BIA considered the impact of Miguel's wife's health issues on her ability to care for their daughters, but also considered the absence of medical evidence regarding her condition and that she was able to rent a room to a tenant, find part-time work, and obtain government assistance while Miguel was detained. Miguel argues the agency should have considered his testimony that his family would have to leave their home. Miguel's arguments amount to quarrels over the weight afforded the evidence and the balancing of hardship factors, which we cannot review. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 342 (2d Cir. 2006) ("[T]he weight to afford . . . evidence lies largely within the discretion of the IJ." (internal quotation marks and brackets omitted)); *see also Argueta*, 617 F.3d at 113 (distinguishing between consideration of a prohibited factor, which raises a question of law, and balancing of factors, which is an unreviewable factual determination). Miguel's claim that the agency "fail[ed] to appreciate" the severity of his daughters' mental health issues and mischaracterized the evidence does not raise a question of law. The IJ considered the daughters' diagnoses, but weighed them against the presence of their mother and other relatives in the United States. *See Xiao Ji Chen*, 471 F.3d at 329–30.

Second, Miguel's challenge to the BIA's denial of his motion to remand does not raise a colorable question of law. "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 156 (2d Cir. 2005). Thus, to succeed on a motion to remand, an applicant must show that the new evidence sought to be offered "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1), (4) (2020). Miguel claims the agency ignored and mischaracterized evidence of his daughter's worsening heart condition, his affidavit, and reports on the Guatemalan healthcare system. But the BIA explicitly addressed the cardiologist's conclusion that Miguel's daughter's "cardiac functions remain normal at this time." Special App'x at 2 (quoting the letter from the daughter's cardiologist). And Miguel's affidavit does not add further detail demonstrating the worsening of his daughter's condition beyond the information contained in the cardiologist's letter. The BIA's conclusion that this evidence was insufficient to establish a "serious medical condition" was not an error of law. *Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (B.I.A. 2020) (requiring applicant to show qualifying relative has a serious medical condition). Moreover, Miguel has not shown how evidence regarding the Guatemalan healthcare system would have

5

changed the outcome of his proceedings given his testimony that his wife and daughters would remain in the United States. *See* 8 C.F.R. § 1003.2(c)(1) (requiring "material" evidence for reopening).

We do not reach Miguel's unexhausted argument that the IJ deprived him of due process by denying him the opportunity to give an oral closing statement. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 107, 118–20, 122 (2d Cir. 2007) (discussing the requirement of issue exhaustion in asylum cases). Had Miguel exhausted the issue, however, we would find no error because Miguel had the opportunity to file a written post-hearing brief with the IJ.

For the foregoing reasons, the petition for review is **DISMISSED** as to the denial of the application for cancellation of removal and the motion to remand, and **DENIED** as to the claim of denial of due process.

<div style="margin-left:2em">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>