Chen v. Garland
BIA
Christensen, IJ
A078 720 279

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

JUAN CHEN,
> *Petitioner*,

> v.                                    20-874
>                                       NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:        Jeffrey Bossert Clark, Acting Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel,

Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Juan Chen, a native and citizen of the People's Republic of China, seeks review of a March 2, 2020, decision of the BIA affirming a March 22, 2018, decision of an Immigration Judge ("IJ") denying her applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Juan Chen,* No. A078 720 279 (B.I.A. Mar. 2, 2020), *aff'g* No. A078 720 279 (Immig. Ct. N.Y. City Mar. 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). As discussed below, we deny the petition as to asylum, withholding of

2

removal, and CAT relief because Chen did not establish an objectively reasonable fear of future persecution based on her practice of Christianity in the United States, and we dismiss the petition as to cancellation of removal because Chen has not raised a colorable constitutional claim or question of law.

I. Asylum, Withholding of Removal, and CAT

Chen asserted a fear of future persecution in China because she began practicing Christianity in the United States. Absent an allegation of past persecution, she had the burden to establish a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). "[A]n applicant can make this showing in one of two ways: first, by offering evidence that he or she would be singled out individually for persecution; and second, by proving the existence of a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008) (quotation marks and brackets omitted); *see also* 8 C.F.R. § 1208.13(b)(2)(iii). Where, as here, the applicant bases a claim on "activities undertaken after h[er] arrival

3

in the United States," she must establish a "reasonable possibility" that the "authorities in h[er] country of nationality are (1) aware of h[er] activities or (2) likely to become aware of h[er] activities." *See Hongsheng Leng*, 528 F.3d at 138, 142. Chen did not allege that authorities in China are aware of her practice and would single her out, and she testified that she would not publicly proselytize. Accordingly, she had to establish a pattern or practice of persecution of Christians. *See* 8 C.F.R. § 1208.13(b)(2)(iii). The agency did not err in concluding that she failed to meet her burden.

Chen did not present evidence of friends or family in China who were harmed because of their religion, and the State Department's International Religious Freedom Report for 2016 does not reflect harassment of religious adherents in Chen's home province of Fujian.[1] *Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021) (upholding agency's conclusion that asylum applicant failed to meet burden of proof where record

---

[1] The agency took administrative notice of the 2016 Religious Freedom Report. CAR at 5; 8 C.F.R. §1003.1(d)(3)(iv) (The "Board may take administrative notice of facts that are not reasonably subject to dispute, such as. . . contents of official documents outside the record.").

showed "treatment of Christians in China varie[d] by locality" and did not reflect persecution of Christians in Fujian Province). As in *Jian Liang*, the record here reflects varied treatment of Christians, with the State Department Report noting that "in some areas, members of unregistered churches said they had more freedom than in the past to conduct religious services." U.S. Dep't of State, Bureau of Democracy, H.R. and Lab., International Religious Freedom Report (2016), https://www.state.gov/reports/2016-report-on-international-religious-freedom/china-includes-tibet-hong-kong-and-macau/. Given the variation in treatment and the lack of evidence of a pattern or practice of persecution of Christians in Fujian Province, the agency did not err in concluding that Chen did not meet her burden of demonstrating a well-founded fear of persecution. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Her failure to meet her burden for asylum is also dispositive of withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that applicant who "fails to demonstrate the slight, though discernable,

chance of persecution required for the grant of asylum, . . . necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal, and the more likely than not to be tortured standard required for CAT relief" (quotation marks and citations omitted)).

II. Cancellation of Removal

Cancellation of removal is a form of discretionary relief available to nonpermanent residents who meet presence and character requirements, do not have disqualifying convictions, and, as relevant here, show that their removal would cause a qualifying relative "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1). Our jurisdiction to review the denial of cancellation of removal, including the hardship determination, is limited to constitutional claims and questions of law, which include "the application of a legal standard to undisputed or established facts," *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020); *see also* 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39–40 (2d Cir. 2008). An error of law may occur where "some facts important to the subtle determination of exceptional and extremely unusual hardship

6

have been totally overlooked and others have been seriously mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (quotation marks omitted). But a challenge to the weight of the evidence or balancing of factors does not raise a question of law. *See Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010).

We dismiss the petition as to cancellation of removal because Chen has not identified a question of law for our review. An applicant has the burden to show that qualifying relatives would suffer hardship "substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001). The agency considers the ages, health, and circumstances of the qualifying relatives, including how a lower standard of living, diminished educational opportunities, or adverse country conditions in the country of removal might affect the relatives. *Id.* at 63. The record reflects that the agency considered Chen's sons' current good health and her older son's past medical treatment in China; the fact that her sons lived in China for years and spoke the language; the fact

that her older son had attended school in China; and Chen's and her husband's financial assets.  Accordingly, Chen has not shown that the agency "totally overlooked" or "seriously mischaracterized" evidence relevant to the hardship determination.  *See Mendez*, 566 F.3d at 323.

For the foregoing reasons, the petition for review is DENIED with respect to asylum, withholding of removal, and CAT protection and DISMISSED with respect to cancellation of removal.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8