21-6508
*Lliguichuzhca Paguay v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-two.

PRESENT:   Denny Chin,
           Steven J. Menashi,
           Beth Robinson,
                *Circuit Judges.*

_____

SEGUNDO JAIME LLIGUICHUZHCA PAGUAY,
        *Petitioner,*

   v.                                         No. 21-6508

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

*For Petitioner*:                                          Nicholas J. Mundy, Brooklyn, NY.

*For Respondent*:                                          Brian Boynton, Principal Deputy Assistant
                                                           Attorney General, Civil Division, Jessica A.
                                                           Dawgert, Senior Litigation Counsel, Jeffrey
                                                           M. Hartman, Trial Attorney, Office of
                                                           Immigration Litigation, United States
                                                           Department of Justice, Washington, DC.

Upon due consideration of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DISMISSED**.

Petitioner Segundo Jaime Lliguichuzhca Paguay, a citizen of Ecuador, seeks review of a decision of the BIA entered August 31, 2021, which summarily affirmed the decision of an Immigration Judge ("IJ"), entered August 22, 2018, that denied his application for cancellation of removal. *In re Segundo Jaime Lliguichuzhca Paguay*, No. A088 630 774 (B.I.A. Aug. 31, 2021), *aff'g* No. 088 630 774 (Immigr. Ct. N.Y. City Aug. 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA affirmed the IJ's decision without opinion, we have reviewed the IJ's decision as the final agency determination. *See Kambolli v.*

2

*Gonzales*, 449 F.3d 454, 456 (2d Cir. 2006). For "an alien who is inadmissible or deportable from the United States" such as Paguay, the agency may cancel removal when—in addition to meeting other statutory requirements—the alien "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). Here, Paguay's son is a U.S. citizen and his parents are lawful permanent residents.

Our jurisdiction to review the denial of cancellation on hardship grounds is limited to constitutional claims and questions of law. *See id.* § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 142 S. Ct. 1614, 1618 (2022) ("With an exception for legal and constitutional questions, Congress has barred judicial review of the Attorney General's decisions denying discretionary relief from removal."). Accordingly, "we have jurisdiction to review claims that 'the agency applied an erroneous legal standard in making a discretionary determination.'" *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 41 n.6 (2d Cir. 2007) (quoting *Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007)). We have also said that when "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized," we may "conclude

3

that an error of law has occurred." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). In this case, we dismiss the petition because Paguay's argument that the IJ denied him due process by totally overlooking and seriously mischaracterizing evidence is meritless.

Hardship is a "very high standard." *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (B.I.A. 2002). To meet it, an applicant for cancellation of removal must establish that "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001). The agency considers "the ages, health, and circumstances of qualifying lawful permanent resident and United States citizen relatives." *Id.* at 63. "A lower standard of living or adverse country conditions in the country of return are factors to consider only insofar as they may affect a qualifying relative, but generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Id.* at 63-64.

In denying cancellation of removal, the IJ considered the health issues of Paguay's parents and son, his parents' frequent travel to Ecuador, Paguay's reduced earning capacity, the psychological impact of Paguay's removal on his

4

son, and the fact that Paguay has three brothers in the United States who could help support his parents and take his mother to her medical appointments. Considering these factors, the IJ concluded that Paguay did not establish that his qualifying relatives would suffer "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D).

Paguay argues that the IJ mischaracterized the time his parents spend in Ecuador and his mother's eye surgery, but he does not dispute that his parents have spent considerable time in Ecuador or that his mother was able to have surgery there. And he does not explain why his brothers could not help support his parents, including helping finance visits to Ecuador, or why Paguay could not find work in Ecuador that would allow him to help.

Paguay also argues that the IJ overlooked his son's unfamiliarity with the Spanish language, Paguay's difficulty attaining legal status through one of his siblings, certain of his mother's health conditions, and the fact that many of his family members live in the United States. However, the IJ listed most of Paguay's mother's health issues and noted he has three brothers living in the United States. In any event, an IJ is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered," *Jian Hui Shao v. Mukasey*, 546

5

F.3d 138, 169 (2d Cir. 2008), and "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17. (2d Cir. 2006). The record here contains no such suggestion.

Although Paguay presents his arguments as questions of law and due process claims, he essentially challenges the IJ's factfinding, the weight the IJ gave the evidence, and the balancing of factors, all of which we lack jurisdiction to review. *See Patel*, 142 S. Ct. at 1618; *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010). "[R]egardless of the rhetoric employed in the petition," we must dismiss a petition that "merely quarrels over the correctness of the factual findings or justification for the discretionary choices" of the agency, as Paguay's petition does here. *Xiao Ji Chen*, 471 F.3d at 329.

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6