22-6385
Borohov v. Garland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand twenty-three.

PRESENT:
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> *Circuit Judges.*

———————————————————————

Gavriel Borohov, Oksana Borochov,

> *Petitioners*,

v.                                                                          No. 22-6385

Merrick B. Garland, United States Attorney General,

> *Respondent*.

———————————————————————

FOR PETITIONERS:                    ALLISON N. GROSZ, Bibicheff &
                                    Associates, P.C., Brooklyn, NY.

FOR RESPONDENT:                     JULIA J. TYLER, Acting Senior
                                    Litigation Counsel, Office of
                                    Immigration Litigation, Civil
                                    Division (Brian Boynton,
                                    Assistant Attorney General, Tim
                                    Ramnitz, Senior Litigation
                                    Counsel, Shelley R. Goad,
                                    Assistant Director, *on the brief*), *for*
                                    Merrick B. Garland, United States
                                    Attorney General, Washington,
                                    D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioners Gavriel Borohov and Oksana Borochov—husband and wife, natives of Uzbekistan, and citizens of Israel—petition for review of a decision of the BIA affirming an immigration judge's ("IJ") denial of their applications for cancellation of removal. *In re Gavriel Borohov and Oksana Borochov*, Nos. A099 591 491, A205 614 488 (B.I.A. July 12, 2022), *aff'g id.*, (Immig. Ct. N.Y. City Apr. 12, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified and supplemented by the BIA, and

we therefore consider only the agency's denial of relief on the basis of hardship. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Noncitizens who do not have permanent resident status may have their removal cancelled if, among other things, they "establish[] that removal would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). Here, Petitioners' qualifying relative is their U.S. citizen daughter. The hardship to a qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001).[1] Relevant factors include "the age[], health, and circumstances" of the qualifying relative. *Id.* at 63. A "strong applicant might have a qualifying child with very serious health issues, or compelling special needs in school." *Id.* But "a lower standard of living or adverse country conditions in the country of return" are generally "insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Id*. at 63–64.

---

[1] In quotations from case law and the parties' briefing, this order will omit all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

Our jurisdiction to review the denial of cancellation of removal is limited to "constitutional claims or questions of law."[2] 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 142 S. Ct. 1614, 1622, 1627 (2022); *see also Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1072 (2020) ("The statutory term 'questions of law' includes the application of a legal standard to established facts."). A question of law may arise if the agency applies the wrong legal standard, considers a prohibited factor, or "totally overlook[s]" or "seriously mischaracterize[s]" facts relevant for the hardship determination. *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2007); *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010). Petitioners have not raised a colorable constitutional claim or question of law.

We reject Petitioners' first argument that the BIA applied the wrong standard of review when it dismissed their appeal. Petitioners contend that because the facts of the case were not in dispute, the BIA should have reviewed the IJ's determination *de novo* rather than for clear error. But in its decision, the

---

[2] We recognize that the Supreme Court recently granted certiorari on the question of whether a court of appeals has jurisdiction to review the agency's hardship determination pursuant to 8 U.S.C. § 1252(a)(2)(D). *See Wilkinson v. Garland*, 143 S. Ct. 2687 (2023). However, at oral argument, Petitioners conceded that they do not seek our review of the agency's weighing of the hardship factors. They only seek our review of whether the agency failed to follow the proper mode of analysis, thereby raising a "question of law" under § 1252(a)(2)(D).

4

BIA stated the correct standard—that it reviews an IJ's factual findings for clear error and issues of law and discretion *de novo*.   *See* 8 C.F.R. § 1003.1(d)(3)(i), (ii). Nothing in its subsequent discussion suggests that it applied a different standard. With respect to the ultimate question, the BIA did not defer to the IJ.   To the contrary, the BIA concluded, "We will affirm the Immigration Judge's decision to deny cancellation of removal because the respondents did not establish that their return to Israel would result in exceptional and extremely unusual hardship to their United States citizen child."   Spec. App'x 3.

Moreover, after concluding that the Immigration Judge's factual findings were not clearly erroneous, the BIA itself assessed the hardship question in light of those facts.   For this reason, Petitioners' claim that the BIA improperly deferred to the IJ is not supported by the record and does not raise a colorable question of law.   *See Barco-Sandoval*, 516 F.3d at 40 ("While the argument that a discretionary decision was based on a legally erroneous standard raises a question of law, we lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction.").

Petitioners' second argument is that the IJ failed to consider the hardship factors in the aggregate, and the BIA failed to adequately respond to their

argument on that point. Their contention is contradicted by the record. When the IJ found that Petitioners did not show their removal to Israel would cause exceptional and extremely unusual hardship to Petitioners' U.S. citizen daughter, the IJ accurately described the record. The IJ acknowledged that Petitioners' daughter has asthma, eczema, depression, anxiety, allergies, and a learning disability, and that she has never been to Israel. The IJ identified the following countervailing factors: Petitioners' daughter speaks Hebrew, has a large family in Israel, would have access to healthcare for her medical conditions there, and would not experience any exceptional or extremely unusual diminution in educational opportunities. The IJ stated the correct legal standard, and the IJ's decision provides no reason to believe that the IJ failed to consider hardships in the aggregate.

And the BIA explicitly considered and rejected the Petitioners' argument that the IJ failed to consider hardships in the aggregate. The BIA also recited all of the above hardships to Petitioners' daughter and acknowledged her anxiety about the possibility of relocating to Israel. The fact that the BIA specifically addressed Petitioners' arguments that their daughter would suffer exceptional and extremely unusual hardship based on her medical needs does not negate its

6

recognition of all of the various hardship factors identified by Petitioners.

Moreover, contrary to the Petitioners' argument, the IJ explained why he did not find that their daughter would suffer exceptional and extremely unusual hardship in Israel based on the record before him, and no further explanation was required under the circumstances. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (explaining that the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," as long as it "has given reasoned consideration to the petition, and made adequate findings").

Finally, to the extent that Petitioners argue that the BIA engaged in improper factfinding, the BIA's word choice characterizing the healthcare system available in Israel as "comprehensive" does not meaningfully differ from the IJ's finding that this system was available to treat their daughter's medical conditions.

In sum, although Petitioners have articulated various challenges to the legal standard applied by the BIA, none is colorably supported by the record.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7