Moradel-Flores v. Garland

BIA
Driscoll, IJ
A057 669 725

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-four.

PRESENT:
JOHN M. WALKER, JR.,
MICHAEL H. PARK,
EUNICE C. LEE,
    *Circuit Judges.*
_____

JOCSAN DAVID MORADEL-FLORES,
    *Petitioner,*

    v.                              **22-6542**
                                       **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
    *Respondent.*
_____

**FOR PETITIONER:**  Lauren Major, Ilana Herr, American Friends Service Committee, Newark, NJ.

**FOR RESPONDENT:**  Brian M. Boynton, Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Robbin Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Jocsan David Moradel-Flores, a native and citizen of Honduras, seeks review of a November 28, 2022 decision of the BIA which affirmed a May 18, 2022 decision of an Immigration Judge ("IJ") denying his applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jocsan David Moradel-Flores*, No. A057 669 725 (B.I.A. Nov. 28, 2022), *aff'g* No. A057 669 725 (Immigr. Ct. Batavia May 18, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, and do not address the findings the BIA declined to reach or found abandoned. *See Xue Hong*

*Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).  We review the agency's factual findings for substantial evidence and questions of law and application of law to fact de novo.  *See Ojo v. Garland*, 25 F.4th 152, 159 (2d Cir. 2022).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

### I.     Cancellation of Removal

We dismiss the petition as to cancellation of removal.  A nonpermanent resident may have his removal cancelled if, as relevant here, he meets presence and residence requirements and has not been convicted of an aggravated felony.  8 U.S.C. § 1229b(a).  Cancellation is a "two-step process" in which "an alien must prove . . . that he meets the statutory eligibility requirements," and then the IJ "in his discretion decides whether to grant or deny relief."  *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006).  Our jurisdiction to review the agency's denial of cancellation of removal is limited to constitutional claims and questions of law.  *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 596 U.S. 328, 336–40 (2022).  In the context of cancellation, the Supreme Court has recently directed us that while the question of whether a petitioner meets the statutory eligibility requirements is a reviewable mixed question of fact and law, the "step-two

3

discretionary determination on whether or not to *grant* cancellation of removal" is not reviewable. *Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024). In this case, the IJ found that Moradel-Flores met the statutory eligibility standard for cancellation of removal at step one but, as a matter of discretion, denied his application at step two. Therefore, as an initial matter, since Moradel-Flores is challenging the IJ's step-two discretionary decision, we lack the jurisdiction to review this claim.

However, it is true that in rare instances, we have jurisdiction to review an argument that the agency considered a "prohibited" factor. *Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010). But an "argument that the IJ balanced improperly those factors that the IJ could consider" is still "unreviewable." *Id.*; *see also Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329 (2d Cir. 2006) (holding that challenges where the applicant "merely quarrels over the correctness of the factual findings or justification for the discretionary choices" are unreviewable).

Moradel-Flores asserts that the agency overlooked letters from a psychologist and a social worker; mitigating evidence of his drug use; evidence of his sobriety and remorse; and family ties and hardship to his family members if he is removed. However, the IJ considered these factors. The IJ did not directly

4

reference the letters, but listed the exhibits and stated that he had carefully reviewed them "even if not stated explicitly," and he noted that Moradel-Flores's criminal convictions stemmed from a drug addiction, which was the focus of the letters. Certified Admin. Rec. ("CAR") at 100. The IJ also engaged in the required analysis by weighing the positive factors—Moradel-Flores's time in the United States, family ties, and employment history—against his criminal history. *In re C-V-T-*, 22 I. & N. Dec. 7, 11 (B.I.A. 1998) (the agency reviews "the record as a whole," and "must balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his . . . behalf to determine whether the granting of relief appears in the best interest of this country" (internal quotation marks and ellipses omitted)); *see also Argueta*, 617 F.3d at 113 (citing *C-V-T-* as the standard for discretionary relief and noting the "agency's broad discretion to decide whether to grant cancellation of removal as a matter of grace"). Moradel-Flores's arguments to the contrary amount to a disagreement over the correctness of the factual findings and a quarrel over the discretionary balancing of factors and weighing of evidence, which are matters outside our jurisdiction. *See Wilkinson*, 601 U.S. at 225 n.4; *Argueta*, 617 F.3d at 113; *Xiao Ji Chen*, 471 F.3d at 329.

## II. Asylum, Withholding of Removal, and CAT Relief

We deny the petition in remaining part because the agency reasonably concluded that Moradel-Flores failed to establish an objectively reasonable fear of persecution or likelihood of torture.[1]

### A. Asylum and Withholding

Not having claimed past persecution, Moradel-Flores had the burden to demonstrate a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To demonstrate such a fear, an applicant must show that "his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Jian Xing Huang v. U.S. I.N.S*, 421 F.3d 125, 128 (2d Cir. 2005). But a fear is not objectively reasonable if it lacks "solid support" in the record and is

---

[1] We do not address the political opinion or pattern and practice claims that Moradel-Flores raised or attempted to raise before the agency because he does not argue those claims here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)). We do not reach or rely on the agency's finding regarding internal relocation given that IJ's qualified reliance on that finding. CAR at 135.

"speculative at best." *Id.* at 129. The agency reasonably concluded that Moradel-Flores did not demonstrate an objectively reasonable fear of future persecution.

Moradel-Flores asserted a fear of future persecution based on his status as a member of a particular social group, 8 U.S.C. § 1158(b)(1)(B)(i), specifically a male member of the Moradel family.[2] He testified that his grandfather owned an auto repair shop in Honduras that worked with a cartel. One uncle who worked at the repair shop had a dispute with the cartel and was killed in 2011, and another uncle who worked there fled to the United States after the cartel threatened him.

"[F]amily ties may meet the requirements of a particular social group depending on the facts and circumstances in the case." *Matter of L-E-A-*, 27 I. & N. Dec. 40, 42 (BIA 2017), *overruled in part on other grounds by* 27 I. & N. Dec. 581, 596–97 (A.G. 2019); *accord Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022) (recognizing that family ties may be basis for protected ground). Here, however, the IJ reasonably declined to decide whether Moradel-Flores's family-based fear was cognizable, instead finding that he failed to establish a well-founded fear of future persecution because this fear was two speculative, given that the cartel has

---

[2] He does not raise his status as a tattooed deportee as a basis for asylum and withholding of removal. *See Debique*, 58 F.4th at 684.

not tried to harm family members other than his two uncles. "In the absence of solid support in the record . . . [an applicant's] fear is speculative at best." *Jian Xing Huang*, 421 F.3d at 129. His asserted fear is undercut by the fact that his grandfather, who owned the auto repair shop, lived unharmed in Honduras after the 2011 murder until his death (of natural causes) in 2019. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding an applicant's argument that she had a well-founded fear of persecution weakened when similarly situated family members continued to live unharmed in petitioner's native country). The record does not support Moradel-Flores's argument that his grandfather had lived in hiding given his grandmother's statements reflecting that his grandfather had continued to have some contact with the cartel and "to work at the auto repair shop once in a while." CAR at 535. And as the IJ noted, Moradel-Flores was better situated than his grandfather because he had never worked in the repair shop or for the cartel.

Moradel-Flores also generally argues that the agency ignored and mischaracterized evidence, failed to consider the recent threats to his family, and failed to consider the evidence cumulatively. However, the IJ noted the evidence and testimony taken, and explicitly stated that he "considered all of the evidence

8

and all of the sources of potential persecution that the respondent claims he would face." CAR at 135; s*ee Xiao Ji Chen*, 471 F.3d at 336 n.17 ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."). Given the absence of threats against Moradel-Flores or evidence that the cartel has targeted family members other than his uncles, the agency did not err in concluding that he failed to meet his burden of establishing a non-speculative, well-founded fear of future persecution. *See Jian Xing Huang*, 421 F.3d at 129. Because Moradel-Flores failed to establish the chance of harm required for asylum, he "necessarily" failed to meet the higher standard for withholding of removal. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that applicant who "fails to demonstrate the . . . chance of persecution required for the grant of asylum, necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal, and the more likely than not to be tortured standard required for CAT relief" (internal quotation marks and citations omitted)).

## B. CAT Relief

Moradel-Flores's failure to establish an objectively reasonable fear of future harm for asylum is dispositive to the extent the CAT claim is based on the fear of

the cartel.   *See* 8 C.F.R. § 1208.16(c)(2); *Lecaj*, 616 F.3d at 119–20.

Moradel-Flores also argues that the IJ failed to consider country conditions evidence concerning individuals with tattoos, treatment of deportees, and mass human rights violations in Honduras, and failed to consider his risk of torture from these sources in the aggregate.   He also asserts that the BIA erroneously engaged in factfinding when it determined that the IJ considered the risk of torture he faced because of his tattoos despite the IJ failing to mention this factor in the CAT section of the decision.

The record does not compel the conclusion that the agency ignored country conditions evidence of torture of individuals with tattoos, particularly as the IJ noted that the record included evidence on the issue and stated that he had considered all evidence, even if not explicitly discussed.   *See Xiao Ji Chen*, 471 F.3d at 336 n.17.   Further, the IJ's summary of the evidence referenced Moradel-Flores's tattoos and testimony that he would be targeted by gang members because of his tattoos.   The BIA did not engage in erroneous fact-finding on this point as it simply acknowledged that "[w]hile the [IJ] did not specifically mention tattoos in his CAT analysis, he adopted the rationale from the asylum and withholding of removal portions of the decision."   CAR at 7 n.8.   And Moradel-

Flores's reliance on a single incident reflected in his expert's report of a gang detaining and interrogating someone with tattoos, Petitioner's Br. at 32, does not compel a conclusion that he will likely be tortured because of his tattoos.

As to his deportee status, Moradel-Flores does not identify specific evidence to support a claim that he will be tortured on this basis. For his argument that the agency ignored "evidence of gross, flagrant or mass violations of human rights," he cites a State Department Report summarizing unlawful killings, torture, and other human rights abuses in Honduras. Petitioner's Br. at 33 (internal quotation marks omitted). But evidence of generalized country conditions does not establish a likelihood of torture. *See Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 205 (2d Cir. 2021) (concluding that "generalized statements about the pervasiveness of gangs and gang violence" were insufficient to "establish a likelihood of future torture"); *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 158 (2d Cir. 2005) (denying petition where applicant "present[ed] no particularized evidence suggesting that she is likely to be subjected to torture"); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (explaining that an applicant must show a likelihood of torture in "his particular alleged circumstances").

11

Contrary to his claim that the IJ failed to consider his risks of torture in the aggregate, the IJ explicitly stated that "the Court has considered all sources of potential torture as set forth above and in the testimony and evidence of record." CAR at 114–15; *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) ("[W]e do not demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (internal quotation marks omitted)).

Finally, because Moradel-Flores had the burden to show both the likelihood of torture and government acquiescence, we need not reach the alternative acquiescence finding. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

12